UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

OGLETHA B. MCCLUNEY,

                               Plaintiff,

      v.                               Action No. 3:11−CV−121

UNITED STATES OF AMERICA

                               Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction. For the reasons stated below, the Court grants the Motion.

Plaintiff Ogletha McCluney, proceeding *pro se*, suffered a stroke in 2003 and was terminated from her position with Bank of America. Thereafter she received long-term disability benefits through Metropolitan Life Insurance Company ("MetLife"). McCluney received treatment at the Hunter Holmes McGuire Veterans Administration Medical Center ("Hunter Holmes"), a hospital operated by the Department of Veterans Affairs (VA). Dr. Ahuja became McCluney's primary care physician after years of treatment with another physician. McCluney visited Dr. Ahuja once. McCluney alleges she never spoke with Dr. Ahuja about returning to work, Dr. Ahuja never evaluated McCluney's fitness to return to work, and Dr. Ahuja never spoke with McCluney's neurologist or psychologist after the appointment. Nonetheless, Dr. Ahuja apparently submitted a release to MetLife stating McCluney was capable of returning to work. As a result, MetLife terminated McCluney's benefits. McCluney sued Dr. Ahuja for negligence, and the United States substituted itself as defendant in Dr. Ahuja's place.

The United States contends the Court lacks subject matter jurisdiction. A motion to

1

dismiss filed under Federal Rule of Civil Procedure 12(b)(1) challenges the court's power to hear the case. *Bank v. Advanced Sys. Servs., Corp.*, 2009 WL 855730, at *2 (E.D. Va. Mar. 30, 2009). Rule 12(b)(1) is an appropriate vehicle for challenging a court's subject matter jurisdiction on the basis of a statute of limitations defense or the plaintiff's failure to exhaust administrative remedies. *See Puryear v. Cty. of Roanoke*, 214 F.3d 514 (4th Cir. 2000); *Garza v. United States Bureau of Prisons*, 284 F.3d 930 (8th Cir. 2002). The plaintiff bears the burden of proving the Court's jurisdiction. *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). The Court may consider evidence outside the pleadings in order to decide whether it has subject matter jurisdiction. *Id.*

The government argues McCluney failed to exhaust her administrative remedies as required under the Federal Tort Claims Act (FTCA). The United States is immune from suit except to the extent it consents by statute to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citations omitted). The FTCA acts as a limited waiver of sovereign immunity, by permitting tort suits against the government. *Williams*, 50 F.3d at 305. When the government waives sovereign immunity, a plaintiff may bring an action against the United States for any injuries a government agent or employee causes when acting within the scope of his employment, if a private person would be liable for the act or omission under state law. *See* U.S.C. § 1346(b). The plaintiff bears the burden of demonstrating that the government has waived sovereign immunity. *Williams*, 50 F.3d at 304. Courts must "scrupulously observe[]" the requirements for securing the government's waiver. *Kokotis v. United States*, 223 F.3d 275, 278 (4th Cir. 2000). Hence, a plaintiff must file her FTCA action "in careful compliance with its terms." *Id.*

Before the United States will waive sovereign immunity, the plaintiff must exhaust her

administrative remedies. *Hockaday v. Brownlee*, 370 F.Supp.2d 416, 420 (E.D. Va. 2004). Under the FTCA, a federal court will not have jurisdiction over a tort suit against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing[.]" 28 U.S.C. § 2675. *See* 28 C.F.R. § 14.2(a) (detailing the procedure for filing an administrative claim with a Federal agency); 38 C.F.R. § 14.604 (detailing the procedure for filing an administrative claim with the Department of Veterans Affairs). The exhaustion requirement cannot be waived; the plaintiff must demonstrate she has made an administrative claim in order to secure the government's consent to suit. *Kokitis*, 223 F.3d at 278. If the United States has not waived immunity, then the Court must dismiss the suit for lack of subject matter jurisdiction. *Williams*, 50 F.3d at 304.

McCluney has failed to exhaust her administrative remedies. McCluney's Complaint does not allege that she pursued an administrative tort claim with the VA as required by 38 C.F.R. § 14.604. § 14.604 requires a claimant to submit a Standard Form 95 "directly to the Regional Counsel having jurisdiction of the area wherein the occurrence complained of took place." § 14.604(b) deems a claimant's Standard Form 95 filed when the Department of Veterans Affairs receives the executed Standard Form 95 "or other written notification of an incident[.]" The relevant VA records fail to disclose an official filing from McCluney.[1]

McCluney's informal inquiries did not satisfy § 14.604. McCluney addressed her first informal inquiry to the director of Hunter Holmes. The Director responded to McCluney in writing, stating that Dr. Ahuja misinterpreted VA regulations regarding the release of information and completed the MetLife release forms without obtaining McCluney's release of information. McCluney also filed a complaint against Dr. Ahuja with the Virginia Department

---

[1] In a review of the relevant VA records, VA Assistant Regional Counsel Kathleen Oddo, who has jurisdiction over administrative claims filed in Virginia and North Carolina, did not discover any claim filed by McCluney.

of Health Professionals, which referred the complaint to the Department of Veterans Affairs in Washington, D.C. McCluney's inquiries demonstrate her desire for a remedy. Nevertheless, neither inquiry comported with the strict FTCA requirements for securing the government's waiver of sovereign immunity. Since the FTCA provides the exclusive remedy for claims against the government, *see* 28 U.S.C. § 2679(a), and the procedural prerequisites for an FTCA claim must be construed strictly, these informal inquiries do satisfy the FTCA's exhaustion requirement.

McCluney's Complaint is also untimely. The FTCA requires a tort claimant to present her claim to the appropriate Federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). Filing a claim with the appropriate agency within the statute of limitations is a condition of the government's waiver of immunity, which must be strictly construed in favor of the sovereign. *Webb v. United States*, 66 F.3d 691, 693 (4th Cir. 1995). If the claimant fails to file an administrative claim within the two-year limitations period, the court lacks subject matter jurisdiction over the claimant's suit. *Kokotis*, 223 F.3d at 278. Equitable tolling principles apply in FTCA actions, but only where the claimant demonstrates the government "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Kokitis*, 223 F.3d at 280-81 (citing *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)).

McCluney attached to her Complaint the MetLife form on which Dr. Ahuja stated McCluney was capable of returning to work. The form is dated October 6, 2006. (Compl. Ex. 2.) McCluney also attached a letter from MetLife explaining MetLife's evaluation of McCluney for long-term disability benefits and terminating her benefits. The letter explains that Dr. Ahuja "provided [MetLife's] clinical consultant with the following information on October 6, 2006." (Compl. Ex. 3.) The letter proceeds to summarize Dr. Ahuja's findings. In light of these two

documents, the Court concluds McCluney was aware by the end of 2006 that MetLife's termination resulted from information Dr. Ahuja provided, and therefore that her claim accrued at that time. McCluney, then, was required to file her administrative claim in accordance with FTCA requirements by the end of 2008. McCluney filed her Complaint on February 18, 2011. Therefore, McCluney's claim is untimely.

The United States has cited two valid bases for dismissal. Therefore, the Court grants the Motion to Dismiss.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this   8th   day of June 2011